IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN CHAPMAN | § | |
| Plaintiff, | § | |
| V. | § | Civil Action No. _____ |
| PULSE PHYSICIAN ORGANIZATION PLLC., and PULSE HEALTHCARE SYSTEM, LLC. | § | JURY TRIAL DEMAND |
| Defendants, | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### I. Parties

1. Plaintiff, Lyne Chapman, is an individual and a citizen of the State of Texas.

2. Defendant, Pulse Physician Organization PLLC., and Pulse Healthcare System, LLC., 25025 I-45 North, Suite 575, The Woodland, Texas 77380 Defendant has it's principle place of business in the State of Texas. Defendant may be served by process by servings it's Register Agent, Dossey & Jones, PLLC at 25025 I-45 North, Suite 575, The Woodlands, TX 77380.

#### II. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on sex pursuant to 42 U.S. C. § 2000e.

#### III. Venue

4. Venue is proper in this district under 42 U.S.C. § 2000(e)-5(f)(3) because the alleged unlawful employment practice was committed in this district. The Plaintiff worked for the Defendant at its

location in Beaumont, TX, which is within this district. The unlawful employment practice occurred at that location.

### IV.   Exhaustion of Administrative Remedies

5. Plaintiff timely filled a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### V.   Facts

6. Plaintiff is a female employee protected under Title VII, 42 U.S. C. § 2000e(f) and Texas Labor Code §21.001 *et seq*.

7. Defendant is an employer within the meaning of Title VII, 42 U.S. C. § 2000e(b) and Texas Labor Code §21.141.

8. Plaintiff was employed as a Cardiovascular Tech until she was forced to resign on October 3, 2020. Plaintiff was the subject of constant verbal abuse and harassment from Dr. G. Aggarwala by subjecting his female employees to a severe and hostile work environment. Dr. Aggarwala has had numerous complaints filed against him and was instructed to take anger management courses in 2017. Dr. Aggarwala continues to abuse his employees and patients.

9. The only female employee that is not subjected to this hostility is a female employee who gives into the Dr.'s sexual advances. Plaintiff was ultimately forced to resign on October 3, 2020.

### VI.   Damages

10. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered damages and losses entitling Plaintiff to the following remedies:

    a.    Back pay, including the amount of wages and employment benefits Plaintiff would have earned if she had not been subjected to Defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits Plaintiff received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b.    Reinstatement; and

    c.    Front pay, if reinstatement is inappropriate.

11.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a.    Discharge from employment with Defendant;

    b.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; and

    c.    Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## VII.    Attorney Fees

12.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S. C. § 1205 and/or 42 U.S. C. § 2000e-5(k).

## VIII.    Additional Damages

13. In addition to the previously alleged damages (which Plaintiff alternatively seeks under this cause of action) Plaintiff seeks exemplary damages for Defendant's malicious actions, clearly arising from ill will, spite, evil motive and with the purpose to injure Plaintiff.

### IX. Jury Demand

14. Plaintiff requests a trial by jury.

### X. Prayer

15. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a. Reinstatement to Plaintiff's prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Reasonable Expert Fees;

   g. Attorney fees and courts costs; and

   h. All other relief the Court deems appropriate, at law and equity.

Respectfully submitted,

**BRENT COON & ASSOCIATES**

By: /s/ *Eric Newell*
    ERIC W. NEWELL
    Texas State Bar No. 24046521
    Email: Eric_Newell@bcoonlaw.com
    215 Orleans
    Beaumont, Texas 77701
    Tel. (409)835-2666
    Fax (409)835-1912
    ATTORNEY FOR THE PLAINTIFF

Case 4:21-cv-03662   Document 1   Filed on 11/08/21 in TXSD   Page 5 of 7

# EXHIBIT 1

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Lynn C. Chapman<br>18640 FM 1488, A 414<br>Magnolia, TX 77354 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2020-05571 | DeAnna Brooks-Torres, Investigator | (346) 327-7727 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*DeAnna Brooks-Torres* — Digitally signed by DeAnna Brooks-Torres
Date: 2021.08.12 14:32:40 -05'00'

Enclosures(s)

Rayford O. Irvin,
**District Director**

*(Date Issued)*

cc: Kris Hiett
HR Rep
PULSE PHYSICIANS
25450 Kuykendahl Rd
Tomball, TX 77375

Lowell Keig, Director
Texas Workforce Commission Civil Rights Division
101 East 15th St.
Room 144T
Austin, TX 78778